IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TIM L. DUKE, ) | |
|    ID # 52677, ) | |
|       Plaintiff, ) | |
| vs. ) | No. 3:20-CV-665-K-BH |
| ) | |
| JOHN NELMS, ) | |
|       Defendant. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the plaintiff's complaint should be **DISMISSED** with prejudice.

## I.  BACKGROUND

On March 17, 2020, Tim L. Duke Alexander A. Williams (Plaintiff), an inmate in the Lamar County Jail, filed this lawsuit against his former criminal defense attorney, John Nelms (Defendant). (*See* doc. 3 at 1, 3-4.)[2] Defendant represented him in a burglary of a habitation case filed on June 26, 1991. (*Id.* at 3.) He claims that he was convicted and given a 25-year prison sentence, but after serving "all of the 25 years in prison," he was exonerated on June 27, 2018, due to his actual innocence. (*Id.*) He seeks $250,000, to have Defendant's "law license taken," and to have all cases in which Defendant appeared investigated for other innocent people. (*Id.*) No process has been issued in this case.

## II.  PRELIMINARY SCREENING

Plaintiff is an inmate who has been permitted to proceed *in forma pauperis*. Because he is proceeding *in forma pauperis*, his complaint is subject to screening under § 1915(e)(2). It provides

---

[1] By *Special Order No. 3-251*, this pro se prisoner case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.  SECTION 1983

Plaintiff sues under 42 U.S.C. § 1983, which "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state a claim under § 1983, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

In general, defense attorneys are not state actors for purposes of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"). It is well-established that an

attorney does not act under color of state law in representing a defendant at trial or on direct appeal. *See id.* (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding").

A private party may be acting "under color of state law" and be held liable under § 1983 in certain circumstances, however. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *see also Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989).

> 'Private persons, jointly engaged with state officials in the prohibited action, are acting 'under color' of law for purposes of the statute. To act 'under color' of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents.'

*Id.* To support a conspiracy claim, plaintiffs "must allege facts that suggest: 1) an agreement between the private and public defendants to commit an illegal act and 2) an actual deprivation of constitutional rights." *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir.1994) (citations omitted). To find state action by a private individual in the absence of an alleged conspiracy, a plaintiff must show that the private actor "performs a function which is traditionally the exclusive province of the state" or that "there is a nexus between the state and the action of the private defendant such that the action is fairly attributable to the state." *Wong*, 881 F.2d at 202. A finding of state action is justified "'only where it can be said that the state is responsible for the specific conduct of which the plaintiff complains.' A state is not responsible for a private party's decisions unless it 'has exercised coercive power or has provided such significant encouragement, ... that the choice must in law be deemed to be that of the state.'" *Id.* (citations omitted).

Here, Plaintiff does not claim that Defendant was a state actor, and he has not alleged any facts to show that his attorney was acting in concert with the state or its agents. Nor has he alleged sufficient facts to show that Defendant was performing a state function, or that her actions were

3

attributable to the state. He has failed to state a viable, non-frivolous § 1983 claim against his attorney.

## IV.  RECOMMENDATION

The plaintiff's claims against the defendant should be **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[3]

**SIGNED this 3rd day of April, 2020.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] Section1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE